Manltj J.
 

 By the will of Dempsey Spruill, admitted to probate in 1842, his estate in slaves, is given to his wife for life, remainder to certain of his children, William, Mary, Henrietta, Theresa, and Caroline, subject to be divided among them after the determination of the life-estate.
 

 The widow, and tenant for life, is now recently dead, and the question presented for our decision is, who is entitled to the share of Theresa? It seems that at the time of the death of her father, this daughter was the wife of one Dudley. By this marriage, she had issue, a daughter, Elizabeth. ■ The husband, Dudley, died in 1845, without having, in any way, attempted to dispose of his wife’s undivided interest in the slaves, and Mrs. Dudley again intermarried in 1848, with Joshua Gallop, and had issue, Sarah, the defendant. Theresa died in 1853. Her husband, Gallop, in 1855. The complainant, Woodley, in 1858, intermarried with Elizabeth Dudley, the daughter of Theresa, by the first marriage, and is the administrator of his mother-in-law, and also, the executor of the last husband, Gallop, and testamentary guardian of the daughter, Sarah. The point made upon this state of facts is, whether the estate in this share of the slaves is distributable to the two daughters of Theresa Gallop, or whether it be held by her administrator in trust for the legatee of the surviving husband.
 

 We regret that the fact of the wife’s death, prior to that of her last husband, and ignorance on his part, probably, of the state of the law, must work, in this case, what will be deemed a hardship.
 

 The rules are well settled by which this property belongs to the surviving husband’s representative and legatee. Upon the death of the first husband, it survived to the wife, Mrs.
 
 *140
 
 Dudley, and the right passed to her second
 
 jure mariti.
 
 This is settled by a train of decisions in our own courts, and has 'been considered as settled ever since the case of
 
 Poindexter
 
 v. Blackburn, 1 Ired. Eq. 286, in which the previous cases are •cited and approved. It continued a chose in action until after the death of the tenant for life, when it was rightfully taken possession of by the administrator of the wife, Theresa; •but he held it in trust for the husband, who was entitled to it by virtue of his marriage, and now holds in consequence of the husband’s death., in trust for his representative and legatee.
 

 It will thus be perceived, that the case turns upon the fact that the husband., Gallop,’ survived his wife, and was entitled, under the rules o.f law, to her personal estate. The subject is discussed in the treatise of Mr. Roper on Husband and Wife, vol. 1, p. 204-5, (32 L. L. 129-30,) and we refer to it with the authorities there cited as the basis of this opinion.
 

 Pee Cubiam, Decree accordingly.